IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GLORIA J. ALLEN, as next friend    *
of J.D.L., JR., M.A.M., and        *
Z.G.L., minor children of the      *
decedent, Jeremy D. Love, Sr.,     *
and GLORIA J. ALLEN, as            *
Administratrix of the Estate of    *
Jeremy D. Love, Sr.,               *
                                   *
        Plaintiff,                 *
                                   *
             v.                    *      CV 110-022
                                   *
MIKE FREEMAN, Sergeant,            *
individually and in his official   *
capacity as an officer with the    *
Grovetown Police Department, and   *
CHESTER HOPKINS, Officer,          *
individually and in his official   *
capacity as an officer with the    *
Grovetown Police Department,       *
                                   *
        Defendants.                *
```

## O R D E R

Presently pending before the Court are Plaintiff's Motion for Reconsideration and Motion to Address Conflict of Interest. (Docs. 80 & 81.) For the reasons set forth below, both motions are **DENIED**.

Plaintiff filed the instant motions over two years after the deadline set forth in the Court's January 24, 2012 revised scheduling order (Doc. 24) that explicitly precluded any further extensions. A court's final pre-trial order controls the subsequent course of the litigation and "may be modified only

for good cause and with the judge's consent." See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 (2007); FED. R. CIV. P. 16(b)(4). The Eleventh Circuit recognizes "that for pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference" in this arena, and thus a decision of the trial court to enforce a pre-trial order will not be disturbed absent a showing of abuse of discretion. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); Santiago v. Lykes Bros. S.S. Co., 986 F.2d 423, 427 (11th Cir. 1993).

Plaintiff has made no showing of the requisite diligence and good cause that would compel this Court to consider her motions and ignore the deadlines it set for the parties two years ago after numerous stays and extensions. Plaintiff seeks reconsideration of the Court's December 20, 2010 Order on Motion for Partial Judgment on the Pleadings (Doc. 21) primarily on the ground that "evidence arising during discovery demands reinstat[ement]" of the City of Grovetown and Director/Chief Al Robinson as defendants.[1] (Doc. 80-1, p. 1.) Plaintiff also states that unless the Court acts on a potential conflict of

---

[1] Plaintiffs also point to the Court's alleged misapplication of a "heightened pleading standard" in deciding Defendants' Motion for Partial Judgment on the Pleadings. (Doc. 80-1, p. 2.) The Court directs Plaintiff's attention to pages eight (8) and nine (9) of its Order disposing of that motion where it explicitly rejects Defendants' contention that a heightened pleading standard applies to Plaintiff's § 1983 claims. (Doc. 21, pp. 8-9.) Plaintiffs also assert blanket policy reasons in support of its motion, namely that the Court's reconsideration and ultimate reinstatement of the City of Grovetown and Director/Chief Al Robinson will "further the purpose of § 1983: '[T]hat a municipality will be liable for all of its injurious conduct . . . .'" (Doc. 80-1, p. 1-2 (internal citation omitted).)

2

interest between Defendants, it will be "vulnerable to reversal, and Plaintiffs exposed to time and expense through no fault of their own." (Doc. 81-1, p. 11-12.)

The parties completed discovery on April 16, 2012. All evidence that now purportedly "demands" reconsideration was available to Plaintiff then, nearly a full month before the civil motions deadline on May 15, 2012. Moreover, as Plaintiff admits, "[a]ll Defendants have *always* been represented by one firm." (Doc. 81-1, p. 1 (emphasis added).) These explanations, therefore, are severely belated, deficient, and do not constitute good cause. Based on the foregoing, Plaintiff's Motion for Reconsideration and Motion to Address Conflict of Interest (Docs. 80 & 81) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3