IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GLORIA J. ALLEN, as Next          *
Friend of J.D.L., Kr., M.A.M.,    *
and Z.G.L., minor children of     *
the decedent, Jeremy D. Love,     *
Sr., and GLORIA J. ALLEN, as      *
Administratrix of the Estate      *
of Jeremy D. Love, Sr.,           *
                                  *
        Plaintiffs,               *
                                  *
        v.                        *
                                  *       1:10-cv-22
MIKE FREEMAN, Sergeant,           *
individually and in his           *
official capacity as an           *
officer with the Grovetown        *
Police Department, and CHESTER    *
HOPKINS, Officer, individually    *
and in his official capacity      *
as an officer with the            *
Grovetown Police Department,      *
                                  *
        Defendants.               *

---

O R D E R

---

This case comes before the Court on Plaintiffs' motion for
attorneys' fees and costs and Plaintiffs' supplemental motion
for the same.   (Docs. 100, 105).   For the reasons discussed
below, Plaintiffs' motions are **GRANTED IN PART** and attorneys'
fees and costs are **AWARDED** in the total amount of $78,871.16.
Also pending before the Court is Plaintiffs' motion to
substitute Jeremy D. Love, Jr. for J.D.L., Jr. as a Plaintiff in
this case.   (Doc. 111).   That motion is **GRANTED.** Finally, in the
Court's Order approving the settlement (Doc. 101), the Court,

pursuant to S.D. Ga. L.R. 17.1, withheld its approval of Plaintiffs' counsels' fee arrangements until Plaintiffs' motion for attorneys' fees was resolved. Having granted the motion for fees and costs, the Court now **GRANTS** Plaintiffs' Motion for Settlement with respect to Plaintiffs' Local Rule 17.1 petition. (Doc. 99).

## I. BACKGROUND

On June 17, 2015, Defendants made the following offer to Plaintiffs:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants hereby offers [sic] to allow Judgment to be entered against them in this action in the amount of $100,000.00 (One Hundred Thousand Dollars and No/100), *including all of Plaintiffs' claims for relief*. This Offer of Judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that Defendants are liable in this action, or that Plaintiffs have suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.

(Doc. 93, Ex. 1) (emphasis added). Prior to accepting this offer, on June 30, 2015, Plaintiffs' counsel met with defense counsel. (Defs.' Opp'n Br., Doc. 107 at 2). According to Defendants, at that meeting, Plaintiffs' counsel "informed defense counsel of his intention to seek attorney's fees in addition to the settlement amount." (Id.) On the same day as

that meeting, and one day before the offer expired, defense counsel emailed Plaintiffs' counsel to explain that

> [t]he offer was to 'allow Judgment to be entered against them in this action in the amount of $100,000.00, **including all of Plaintiff's claims for relief.**' While I understanding this may be a point of contention in the near future, I wish to make clear to you and your client that our intention for the offer was to include all costs, fees, or any other relief your client may be entitled to in this action.

(Id., Ex. A). The next day, Plaintiffs accepted Defendants' offer. (Doc. 92, Ex. 2). Soon after, on July 3, 2015, Plaintiffs filed a notice indicating their acceptance of Defendants' Rule 68 offer. (Doc. 93).

Subsequently, Plaintiffs moved for attorneys' fees and expenses under Rule 68 and 42 U.S.C. § 1988. (Doc. 100). Plaintiff later supplemented their motion with additional argument concerning the appropriate amount of attorneys' fees. (Doc. 105). Soon after, Defendant filed its opposition brief (Doc. 107), and Plaintiffs filed their reply brief. (Doc. 110). The motion is now ripe for adjudication.

Because Jeremy Love, Jr. was then a minor, and M.A.M. was and remains a minor, the Court ordered Plaintiffs to file a petition for approval of settlement pursuant to S.D. Ga. L.R. 17.1., which Plaintiff filed shortly thereafter. (Order, Doc. 95 at 3; Pls.' Petition for Approval of Settlement, Doc. 99). On July 20, 2015, the Court granted Plaintiffs' petition for

settlement and ordered the Clerk to enter judgment against Defendants in the amount of $100,000, but withheld consideration of "the substance of Plaintiffs' Rule 17.1 petition upon completion of the parties' briefing regarding attorney's fees and costs." (Doc. 101).

## II.    LIABILITY FOR ATTORNEY'S FEES AND COSTS

Federal Rule of Civil Procedure 68 "prompts both parties to a suit to evaluate the risk and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985). The Rule's "plain purpose . . . is to encourage settlement and avoid litigation." Id. Rule 68(a) provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). When a party accepts an offer pursuant to Rule 68, she may pursue "costs then accrued." Id. In this case, Plaintiffs seek costs and attorneys' fees pursuant to Rule 68 and 42 U.S.C. § 1988.

In Marek, the Supreme Court held that costs under Rule 68 include attorneys' fees in cases where the underlying fee

shifting statute defines costs as inclusive of attorneys' fees. 473 U.S. at 9. As the Supreme Court recognized, 42 U.S.C. § 1988, the underlying statute at issue in <u>Marek</u> and in this case, defines costs as inclusive of attorneys' fees. <u>Id.</u>[1] The Court further held that, though costs and attorneys' fees may be included in a Rule 68 offer, Rule 68 does not require funds to be assigned to those categories; instead, offers may take the form of a "lump sum." <u>Id.</u> at 6. Such lump sum awards are, however, not necessarily inclusive of costs. As the Court acknowledged, "[i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs." <u>Id.</u> If, on the other hand, "the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs." <u>Id.</u> (citing <u>Delta Air Lines, Inc. v. Augusta</u>, 450 U.S. 346, 362, 365 (1981) (Powell, J., concurring)).

As Defendants correctly concede, "[t]he crux of the instant inquiry turns on whether ambiguity existed as to whether Defendants' offer included compensations for costs." (Defs.'

---

[1] 42 U.S.C. § 1988(b) provides, in relevant part, that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

Opp'n Br. at 2). The Eleventh Circuit has held that ambiguities in Rule 68 offers are to be construed against the offeror. Utility Automation 2000, Inc. v. Chocatwatchee Elec. Co-op., Inc., 298 F.3d 1238, 1244 (11th Cir. 2002)(citing Webb v. James, 147 F.3d 617, 619 (7th Cir. 1998)); accord McCain v. Detroit II Auto Fin. Ctr., 378 F.3d 561, 564 (6th Cir. 2004); Erdman v. Cochise Cnty., 926 F.2d 877, 879-81 (9th Cir. 1991). This is so because defendants control the terms of the offer, and plaintiffs cannot seek clarification or modification or make a counteroffer. Utility Automation 2000, 298 F.3d at 1244. Further, because the consequences of refusing a Rule 68 offer are substantial, plaintiffs would be "left in the position of guessing what a court will later hold the offer means." Id. (quoting Webb, 147 F.3d at 623). Relying on this principle, the Eleventh Circuit found in Utility Automation 2000 that the defendant's offer for "$45,000 with costs accrued" did not include attorneys' fees. Id.

In Defendants' view, they "made a clear and unequivocal offer to fully and wholly satisfy Plaintiffs." (Defs.' Opp'n Br. at 2). They characterize their offer as a lump sum offer that represents Defendants' total liability. (Id.) Unfortunately for Defendant, this argument misses the mark. To be sure, the Supreme Court has blessed "lump sum offers" that do not specify what recovery compensates for a plaintiff's claim for relief and what compensates for costs or attorneys' fees. Marek, 473 U.S.

6

at 6-7. The question before the Court, however, is not whether it is permissible to enter into a lump sum offer, but whether Defendants' offer is unambiguously a lump sum offer that includes costs. In short, Defendants' offer does not unambiguously include costs.

Two other Circuit Courts of Appeals have considered Rule 68 offers with the exact language as the present offer. See Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 691 (7th Cir. 2013); Lima v. Newark Police Dept., 658 F.3d 324, 327 (3d Cir. 2011). In Sanchez, the defendant's offer provided, in relevant part, as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, PRUDENTIAL PIZZA, INC., hereby offers to allow Judgment to be entered against them [sic] in this action in the amount of $30,000 *including all of Plaintiff's claims for relief.*

709 F.3d at 691 (second emphasis added). The Seventh Circuit, relying on its previous precedent in Webb on construing ambiguities against the offeror, held that the offer was ambiguous and, interpreting it against the offeror, found that it did not include costs under Rule 68. Id. at 692. The Seventh Circuit reasoned that "Plaintiff's claims for relief" are not "specified terms" as required by Rule 68(a). Id. Moreover, the Seventh Circuit distinguished "claims" for relief from "demands for relief" and found that attorneys' fees are "not part of a plaintiff's claim." Id. at 693.

7

Similarly, in <u>Lima</u>, the Third Circuit found the defendant's offer ambiguous, interpreted it against the offeror, and held that the offer did not include costs. 658 F.3d at 333. Just as in <u>Sanchez</u>, defendant's offer provided that:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants City of Newark . . . and Garry McCarthy, hereby offers [sic] to allow Judgment to be entered against these defendants in this action in the amount of $55,000.00, *including all of Plaintiff's claims for relief against all defendants . . . .*

<u>Id.</u> at 327 (emphasis added). Like the Seventh Circuit, the Third Circuit found that attorneys' fees are not part of a plaintiff's claims for relief. "Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial." <u>Id.</u> (quoting <u>White v. N.H. Dep't of Emp't Sec.</u>, 455 U.S. 445, 452 (1982)).

As discussed above, in <u>Utility Automation 2000</u>, the Eleventh Circuit joined the majority of circuits in holding that ambiguous Rule 68 offers are to be interpreted against the offeror. 298 F.3d at 1244. Applying this same principle, the Third and Seventh circuits have held the exact language at issue in this case to be ambiguous, and, interpreted against the offeror, to be exclusive of costs.

The cases cited by Defendants are distinguishable. For instance, Defendants' reliance on <u>Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.</u>, 902 F.Supp. 224 (M.D. Fla. 1995) is misplaced. <u>Broadcast Music</u>, which implicitly reasoned that agreements that are silent as to costs *include* costs,[2] was decided prior to <u>Utility Automation 2000</u> and its reasoning is no longer valid. Additionally, in <u>Blumel v. Mylander</u>, 165 F.R.D. 113, 116 (M.D. Fla. 1996) the court interpreted an offer "to settle *all pending claims* against him" as inclusive of costs and attorneys' fees. In light of the intervening Eleventh Circuit precedent in <u>Utility Automation 2000</u>, the Court believes that <u>Sanchez</u> and <u>Lima</u>, which interpret offers exactly like Defendants' to exclude costs, are more consistent with current precedent. Likewise, Defendant cites <u>Radecki v. Amoco Oil Co.</u>, 858 F.2d 397, 401 (8th Cir. 1988), which asserts that requiring a "laundry list" of relief "runs counter to the purpose of Rule 68 to assume that forms of relief *not* mentioned are not intended to be included within the sum offered." Under this circuit's precedent, <u>Radecki</u> is entirely backwards. See <u>Utility Automation 2000</u>, 298 F.3d at 1244 ("[A]ny ambiguity in the terms

---

[2] The court in <u>Broadcast Music</u> identified the correct question: "the silence of the instant parties as to the itemized amounts of the offer of judgment does not invalidate the offer. It does, however, create the dilemma of which Plaintiffs complain. Does the award include 'costs?'" 902 F. Supp. at 226. The court, however, went on to assume the offer included costs and only analyzed whether costs included attorneys' fees under the substantive statute. <u>Id.</u> at 226-27. That analysis skips a critical step and is untenable after <u>Utility Automation 2000</u>.

of an offer must be resolved against its drafter, and therefore, absent a clear indication to the contrary the accepting party cannot be deemed to have received its fees or waived the rights to seek them.").

Defendants also cite AGSouth Genetics, LLC v. Ga. Farm Services, LLC, for the proposition that "attorney's fees are part of a Defendant's 'total liability.'" No. 1:09-cv-186, 2014 WL 2117451, at *2 n.1 (M.D. Ga. May 21, 2014). This point misses the mark. It is certainly true that a defendant can be held liable for attorney's fees; the question in this case is whether an offer to settle "all plaintiffs' claims for relief" unambiguously includes costs and attorneys' fees. On that question AGSouth Genetics provides no help because the offer of judgment explicitly included attorneys' fees. Id. at *2.

Without reference to any legal authority, Defendants also urge the Court to consider extrinsic evidence of an email sent to Plaintiffs' counsel purporting to reveal the intent behind the meaning of the words in Defendants' offer. In Lima, the Third Circuit criticized the district court's use of the email conveying the offer in interpreting the terms of the offer. 658 F.3d at 331-32. That email included the phrase, "if [the offer is] accepted, this litigation will be resolved in its entirety." Id. at 331. Because the email is extrinsic to the offer itself, the Third Circuit held that "it does not inform whether the [o]ffer itself explicitly includes fees and costs." Id.

10

For the reasons given by the Third Circuit in _Lima_, the Court will not consider the extrinsic evidence of the offeror's intentions here. See _id._ at 331-32. Further, utilizing extrinsic evidence to determine the meaning of a Rule 68 offer could frequently lead to collateral proceedings that disturb the entire purpose behind Rule 68. _Cf. Marek_, 473 U.S. at 5 (Rule 68's "plain purpose . . . is to encourage settlement and avoid litigation."). To avoid these problems, the Eleventh Circuit required defendants to make their offers unambiguous. See _Utility Automation 2000_, 298 F.3d at 1244. The utilization of extrinsic evidence to interpret ambiguous offers runs counter to the reasoning of the Eleventh Circuit's precedent.

In conclusion, the Court finds that Defendants' Rule 68 offer was ambiguous as to whether costs and attorneys' fees were included. Interpreting the ambiguities in the offer against the offeror, the Court finds that Defendants' offer to settle "plaintiff's claims for relief" do not include costs under Rule 68. Accordingly, Plaintiff is entitled to costs accrued pursuant to Federal Rule of Civil Procedure 68(a) and, under _Marek_, attorneys' fees as well.

### III. AMOUNT OF COSTS AND ATTORNEY'S FEES

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." _Bivins v._

Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal quotations omitted). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," the court must consider the twelve factors enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Id. The product of these two figures is the "lodestar." Id. After calculating the lodestar, the Court may then consider whether it should be adjusted upward or downward. Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cnty., 151 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. The Court should also be mindful that a request for attorneys' fees "should not result in a second major litigation." Id.

## A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Sec'y of

*Air Force*, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. *Norman*, 836 F.2d at 1303.

Plaintiffs seek an hourly rate of $450.00 per hour for Mr. Batson's time, and $250.00 per hour for Mr. House. Plaintiffs argue that the $450.00 hourly rate for Mr. Batson is reasonable for two reasons. First, because Mr. Batson possesses significant experience in jail suicide cases and other cases alleging constitutional violations against government officials. Second, Plaintiffs argue that, given § 1988's purpose, the higher rate for Mr. Batson is justified to attract lawyers of similar expertise. Similarly, Plaintiffs argue that the relevant legal community should be broadened from Augusta, Georgia because there are no lawyers who "specialize in only jail suicide cases" in Augusta. Defendants oppose the reasonableness of these hourly rates.

As Mr. Batson's declaration attests, he has significant experience in civil rights litigation and, in particular, in advancing the causes of those incarcerated in jails and prisons. (Batson Decl., Doc. 105, Ex. 1 ¶¶ 7-29). The Court has no doubt that Mr. Batson's experience benefited Plaintiffs and contributed to their success in this litigation. According to Mr. Batson, because few, if any, Augusta attorneys have this

experience, Plaintiffs argue that Mr. Batson should recover at a rate similar to that commanded by attorneys in Atlanta, Georgia.

The Court may award a non-local hourly rate if, and only if, Plaintiffs demonstrate "a lack of attorneys practicing in [the Southern District] who are willing and able to handle [their] claims." Barnes, 168 F.3d at 437 (citing Cullens v. Ga. Dep't. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (finding that the district court did not err by awarding Macon, Georgia rates because "plaintiffs did not meet their burden of showing a lack of Macon lawyers willing or able to handle their individual claims")). Just as in Martin v. Augusta Richmond Cty., Ga., Comm'n, No. 1:12-cv-58, 2012 WL 5950408 (S.D. Ga. Nov. 28, 2012), Plaintiffs have not put forth any evidence that there are no local attorneys with the skills and familiarity to have handled this case. Instead, Plaintiffs rely on Plaintiffs' counsel's affidavit that indicates that Plaintiffs' counsel "believe[s] that [he is] the only person in Augusta with [his] level of knowledge and experience,"[3] and that he "believe[s] that no lawyers would want to invest in the expert because they would not appreciate the facts involved." (Batson Decl. ¶¶ 38, 40). This evidence does not prove that there were not any local attorneys able to take this case on; rather, it merely proves

---

[3] Although written as a tautology, the Court understands Mr. Batson to mean that he believes he is the only attorney in Augusta with significant experience in this field.

that Plaintiffs did not know of any. This evidence is insufficient to support an Atlanta billing rate. See Barnes, 168 F.3d at 437.

A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Although counsel may command fees at a higher rate in Atlanta, the Court does not believe that the Augusta legal market would bear such billing for the services rendered in the present case

This Court has previously approved $250.00 per hour as a reasonable billing rate in the Augusta legal market. See Guzman v. Consumer Law Grp. et al., No. 1:11-cv-187, Doc. 91 (S.D. Ga. Nov. 6, 2012); Johnson v. YKK Am., Inc., No. 3:07 cv 048, Doc. 171 (S.D. Ga. Apr. 29, 2010); Ingram v. Kellogg's Sales Co., No. 1:09-cv-021, Doc. 39 (S.D. Ga. Feb. 24, 2010); Salazar v. Milton Ruben Chevrolet, Inc., No. 1:06-cv-195, Doc. 86 (S.D. Ga. Mar. 6, 2009). And, as Defendant notes, recognizing that two years have passed since the Court assessed the above-mentioned cases, the Court recently approved $275.00 per hour as a reasonable billing rate. Raiford v. Nat'l Hills, Exch., LLC, No. 1:11-cv-152, 2015 WL 195983, at *2 (S.D. Ga. Jan. 14, 2015); M.I.T., Inc. v. Medcare Express, N. Charleston, LLC et al., No. 1:14-cv-081, Doc. 12 (S.D. Ga. Oct. 14, 2014).

Upon consideration of the _Johnson_ factors, including the relevant legal market and counsel's experience and expertise, the Court sets the billing rate at $275.00 per hour for Mr. Batson. The Court also approves a rate of $250.00 per hour for Mr. House.

## B. Hours Reasonably Expended

When exercising proper "billing judgment," attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications. _ACLU of Ga. v. Barnes_, 168 F.3d 423, 428 (11th Cir. 1999). "[H]ours excluded are those that would be unreasonable to bill a client" without reference to the skill, reputation, or experience of counsel. _Norman_, 836 F.2d at 1301. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." _Id._

If fee applicants do not exercise billing judgment, courts should do it for them. _See Barnes_, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). The decision to prune hours is thus squarely within the Court's discretion. _Columbus Mills v. Freeland_, 918

F.2d 1575, 1580 (11th Cir. 1990) (citing Norman, 936 F.2d at 1301). If a district court does find that the number of hours claimed is unreasonably high, "[it] has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350.

Plaintiffs provide the declaration of Plaintiffs' counsel Jack Batson, which itemizes the hours he spent on this case. (Batson Decl.). In particular, Mr. Batson declares that he spent 260.6 hours preparing filings and conducting discovery (Batson Decl., Ex. A at 3), 17.43 hours in phone time associated with this case (Batson Decl. ¶ 52; Id. Ex. B), and 8.9 hours emailing (Batson Decl. ¶ 53; Id. Ex. C). Plaintiff also seeks 3 hours spent preparing the fee application. (Dec. Batson Decl. ¶ 55).

Defendant has not disputed the reasonableness of the hours spent or the costs expended in litigating this case. However, the absence of an objection does not relieve the Court of its duty to conduct an independent review of Plaintiffs' request. In conducting the review, the Court notes that its efforts have been complicated by numerous deficiencies in the billing summary prepared by Plaintiffs' counsel. Some entries reflect an inordinate amount of time allocated to tasks while other entries appear unrealistically low. The Court's experience suggests that billing summaries with such deficiencies are evidence of a lack of proper time-keeping efforts by counsel. As it is

impractical to attempt to determine the appropriate amount of time that may have been under billed on certain work, the Court's review is limited to addressing any overbilled entries. To do otherwise would simply reward counsel for sloppy recordkeeping.

The Court's review has resulted in a number of adjustments. These adjustments are of two types: (1) adjustments due to Mr. Batson claiming hours that are non-compensable under 42 U.S.C. § 1988 and Rule 68; and (2) adjustments based on the reasonableness of the hours expended on the litigation. See Loranger, 10 F.3d at 781-783 (distinguishing the determination of compensable hours from the determination of reasonable hours). With respect to the first adjustments, "[t]he Supreme Court has clearly stated that the time that is compensable under § 1988 is that reasonably expended *on the litigation*." Id. at 782 (internal quotations omitted). "Time expended independent of the relevant federal litigation is not compensable." Id. The Court determines that the 7.25 hours Mr. Batson requests for June 30 and July 1, 2015 concern probate court proceedings that are not compensable in this case. (Doc. 105, Ex. 2 at 3). Additionally, the 3 hours Mr. Batson spent preparing his attorneys' fee application are excluded because those hours were not accrued at the time of the Rule 68 offer.

The Court now determines the reasonableness of the requested hours. Four entries on Mr. Batson's fee request

evidence "excessive, redundant, or otherwise unnecessary" time spent litigating this case. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The December 30, 2010 entry of 20 hours expended preparing a brief in support of Plaintiffs' motion to reconsider the Court's Order dismissing Defendants City of Grovetown and Police Chief Al Robinson is, at least in part, an excessive and redundant attempt to reargue the same points addressed in Plaintiffs' briefs on the underlying motions. Accordingly, the Court reduces this request from 20 hours to 14 hours.

Plaintiffs' sur-reply brief in opposition to summary judgment contained another attempt to re-litigate the Court's Order dismissing the Defendants City of Grovetown and Al Robinson. (Doc. 61). In this brief, Plaintiffs again asked the Court to reconsider its Order dismissing Defendants City of Grovetown and Chief of Police Al Robinson from the case. (Id. at 9-15). To the extent re-raising these issues was warranted at all, Mr. Batson's decision to bring these issues before the Court in a sur-reply brief to an unrelated motion made by the remaining Defendants does not constitute the appropriate method for doing so and is redundant to Plaintiffs' previously denied motion for reconsideration. To account for the redundant portion of the sur-reply brief addressed to this topic, the Court reduces Mr. Batson's fee request on this entry (Doc. 105, Ex. 2 at 2) from 15 hours to 11 hours.

Mr. Batson also requests 60 hours of fees related to Plaintiffs' opposition to summary judgment. (Id.). The fee request does not specify how these hours were divided between Plaintiffs' response brief and response to Defendants' Statement of Material Facts. The Court's Order denying Defendants' motion for summary judgment found Mr. Batson in violation of Local Rules 7.1 and 56.1 because his response to Defendant's statement of facts was "inappropriately inundated with legal arguments" and "have consistently frustrated the Court and wasted its resources." (Doc. 63 at 36). Preparing responses to statements of material fact that include the excessive legal argumentation discussed above is an unreasonable use of counsel's time. Accordingly, the Court reduces the requested hours for opposition to summary judgment from 60 to 50.

Likewise, the July 16, 2014 entry for 15 hours on a motion to reconsider the Court's denial of summary judgment was unnecessary because, as the Court's Orders (Docs. 63, 65) explain, Mr. Batson's violation of Local Rules 7.1 and 56.1 "had no effect on the disposition of [Defendants'] motion for summary judgment," which was, in fact, denied. (Doc. 65 at 3). If Mr. Batson felt the need to challenge the Court's determination even though it did not affect his client, then those hours were "spent on activities for which he would not bill a client of means." Norman, 836 F.2d at 1301. The Court determines that

the 15 hours expended on that motion was unreasonable, and, therefore, reduces Mr. Batson's fee request by that amount.

After making the above-mentioned adjustments, the Court calculates that Mr. Batson spent a total of 244.68 recoverable hours in litigating this case.

Plaintiffs also request reasonable attorney's fees for the time incurred by counsel Stanley House. Mr. House submitted evidence of 23.70 hours worked on behalf of Plaintiffs. (Doc. 104, Ex. 2 at 1-2). Many of those hours, however, concerned probate proceedings in state court that are not compensable in this case. After the Court's review of the evidence, the Court finds that Mr. House worked 14.3 recoverable hours as part of this case.

In passing, Mr. Batson requests 52.65 hours in paralegal time. (Doc. 99, Ex. 1 at 2). No description of how that time was spent appears in the record. The Court **DENIES** recovery of Mr. Batson's paralegal time. Mr. House also requests what he estimates was six hours of paralegal time spent preparing "petitions of administration and organizing the GBI records." (Doc. 104, Ex. 2 at 2). As the Court has mentioned elsewhere, the time spent working with the petitions of administration is not compensable in this proceeding. Though the GBI records are relevant, without a more detailed breakdown of how much time Mr. House spent organizing those records, the Court **DENIES** recovery of the six hours of Mr. House's paralegal time.

## C. Lodestar

Based on the above, the Court finds the lodestar in this case to be:

Batson: $275.00/hour at 244.68 = $67,287.00

House: $250.00/hour at 14.3 hours = $3,575.00.

Thus, the total lodestar in this case is $70,862.00. The Court therefore **GRANTS IN PART** Plaintiffs' motion for recovery of attorneys' fees in the amount of $70,862.00.

## D. Costs

Plaintiffs also claim litigation costs incurred by Mr. Batson of $7,217.57 (Batson Decl. ¶ 54; Id. Ex. D), exclusive of expert costs, and costs incurred by Mr. House of $1,385.59. (Doc. 104, Ex. 2 at 3). Defendant does not object to Plaintiffs' costs. In the Court's view, some of the costs incurred by Mr. Batson and Mr. House are of questionable relevance to this case. In particular, the Court finds that the expenses incurred by Mr. House between May and October 2009 were not incurred as part of this case. Similarly, the $350.00 paid by Mr. Batson to the Columbia County Probate Court in July, 2015 is not recoverable because it was not part of this case. The Court therefore finds that Mr. Batson incurred recoverable costs of $6,867.57 and Mr. House incurred recoverable costs of

$791.59. Accordingly, the Court **GRANTS IN PART** Plaintiffs' motion for a total of $8,009.16 in costs.

### IV. PLAINTIFFS' LOCAL RULE 17.1 MOTION FOR APPROVAL

In the Court's July 20, 2015 Order, the Court reserved the approval of any fee arrangement between Plaintiffs' counsel and the minor children Plaintiffs until after consideration of Plaintiffs' motions for attorneys' fees and costs. (Doc. 101). Mr. House declares that his fee arrangement with Plaintiffs reflects the same contingency fee as Mr. Batson, though the Court is at a loss to decipher that from Mr. House's fee agreement, which can only be characterized as bare-bones at best. (House Aff., Doc. 104, Ex. 1 ¶ 12; Id., Ex. 2 at 21). Having awarded attorneys' fees and costs as described above, the Court now **ORDERS** that Mr. Batson and Mr. House are permitted to recover their respective fees and costs only in the amounts discussed above. With that, the Court **GRANTS** Plaintiffs' motion to settle (Doc. 99) with respect to the remaining question of the fee arrangements and Local Rule 17.1.

### V. CONCLUSION

The Court **GRANTS IN PART** Plaintiffs' motion for costs and attorneys' fees. The Court **AWARDS** $70,862.00 in attorneys' fees and $8,009.16 in costs for a total of $78,871.16. Additionally, the Court **GRANTS** Plaintiffs' motion pursuant to Local Rule 17.1

(Doc. 99).   Finally,   as mentioned   in   the   introduction   to   this
Order,   the   Court **GRANTS** Plaintiffs' motion to substitute Jeremy
D. Love,   Jr., who   is   now an   adult,   as   a   party   in   this   matter for
J.D.L.,   Jr. a minor   child   of   decedent Jeremy D. Love Sr.   (Doc.
111).   At the Court's order,   the   Clerk entered judgment in this
case   on   July 20, 2015.   (Doc. 102).   With these motions
resolved,   there   are   no   longer   any   pending   motions   in   this   case;
accordingly,   the   Clerk   shall **CLOSE THIS CASE**.

**ORDER   ENTERED** at   Augusta,   Georgia,   this _25th_ day   of
February, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA